# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re: ) | **Chapter 11** |
| **SMS PROMOTIONS, LLC** ) | **Case No. 15-20901 (AMN)** |
| Debtor, ) | |
| ) | |
| **YURIORKIS GAMBOA** ) | |
| Movant ) | |
| V. ) | |
| **SMS PROMOTIONS, LLC** ) | |
| Respondent ) | **SEPTEMBER 28, 2015** |
| ) | |

## MOTION TO COMPEL ASSUMPTION OR
## REJECTION OF EXECUTORY CONTRACT

Yuriorkis Gamboa (hereinafter "Gamboa"), a creditor and party-in-interest herein, by and through his counsel, files this Motion to Compel Assumption or Rejection of Executory Contract (the "Motion"). In support hereof, Gamboa states as follows:

### I. RELIEF REQUESTED

1. By this motion (the "Motion"), Gamboa seeks entry of an order substantially in the form attached hereto as Exhibit A, pursuant to the provisions of 11 U.S.C. (the "Bankruptcy Code") §105 and §365(d)(2) and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), compelling the Debtor to assume or reject the Promotional Rights Agreement (as defined below) on or before November 7, 2015[1].

### II. JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction to consider this motion pursuant to 28 U.S.C. §157 and 1334. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

---
[1] November 7, 2015 is 40 days from the date hereof.

3. The statutory predicates for the relief requested herein are 11 U.S.C. §365(d)(2) and Rule 6006(b) of the Federal Rules of Bankruptcy Procedure.

4. Venue is properly before this Court pursuant to the provisions of 28 U.S.C. §§ 1408 and 1409.

### III. BACKGROUND

#### A. The Parties' Pre-Petition Promotional Rights Agreement

5. As referenced in Schedule G (Executory Contracts and Unexpired Leases) of the Bankruptcy Schedules' filed on behalf of SMS Promotions, LLC ("SMS"), SMS and Gamboa are parties to a Promotional Rights Agreement ("Agreement"), an executory agreement, dated November 2, 2012, for a term length of four (4) years ("Term"). Said Agreement is attached as Exhibit B.

6. Gamboa is a professional boxer and a featherweight champion who entered into the Agreement with SMS in order to further his boxing career and to develop his public profile and marketability. Accordingly, SMS purchased promotional rights from Top Rank Incorporated in order to terminate Gamboa's former agreement with TMT Productions, Inc., dated August 8, 2012.

7. Pursuant to the Agreement, Gamboa committed to SMS as Gamboa's sole and exclusive promoter for boxing fights ("Bouts"). Such Bouts were to be on dates and sites set by SMS at its sole discretion.

8. Under the terms of the Agreement, SMS agreed to offer Gamboa a minimum of three (3) Bouts per contract year ("Minimum Offer Requirement"). In turn, Gamboa agreed to fight three (3) Bouts per contract year upon SMS' performance of the Minimum Offer Requirement.

9. Under the terms of the Agreement, SMS has the exclusive right to stage, produce, promote, market, publicize, advertise, merchandise and sell tickets to the Bouts during the Term. Gamboa agreed to not contract with other promoters or engage in boxing matches, athletic contests or exhibitions during the Term. Gamboa also agreed to not perform such promotional services on his own behalf.

10. Under the terms of the Agreement, SMS may terminate the Agreement at any time during the Term without any further liability to or obligation to Gamboa, if Gamboa fails to be declared winner of any Bout.

11. Prior to the filing for Chapter 11 relief on June 9, 2015, SMS did not offer to Gamboa the Minimum Offer Requirement of three (3) Bouts per contract year. Gamboa's rights to participate in Bouts are "locked up" by SMS to the detriment of Gamboa's boxing career. Due to the filing of this petition, Gamboa cannot bring any action for relief before any court of law on a breach of contract claim.

### B. Post-Petition Events

12. Upon filing for Chapter 11 relief on June 9, 2015, SMS has not communicated in any manner whatsoever with Gamboa regarding said Minimum Offer Requirement.

13. Gamboa, through his counsel, contacted counsel for SMS and the U.S. Trustee to negotiate the termination of the Agreement prior to the filing of this Motion. There was no response from counsel for SMS. The U.S. Trustee advised Gamboa's counsel that her office would not take a position on the assumption or rejection of the Agreement.

## IV. GROUNDS FOR RELIEF

18. Although a Chapter 11 debtor such as SMS ordinarily is entitled to wait until the confirmation of its Chapter 11 Plan to decide whether to assume or reject executory contracts, the provisions of 11 U.S.C. §365(d)(2) empower a bankruptcy court to shorten this time upon the request of a non-debtor counterparty to such a contract.

19. When a nondebtor counterparty to an executory contract "seeks an earlier determination of whether the trustee or debtor in possession will assume or reject the contract, the settled rule.., is that the trustee or debtor in possession [should be given] a reasonable time within which to decide." 3 Collier on Bankruptcy, ¶365.05[2][a] at 365-43 (16th Ed. 2010); see also Data-Link Systems. Inc. v. Whitcomb & Keller Mortae Co., Inc. (Matter of Whitcomb & Keller Mortgage Co., Inc.), 715 F.2d 375, 379 (7 Cir. 1983)(embracing "reasonable time" approach). What is a reasonable time, in turn, "depends upon the facts and circumstances of the particular case." Id.

20. In considering the issue of "reasonableness" in the latter context, courts have traditionally "balance[d] the debtor's need to carefully consider whether rejecting the [executory contract is in the best interests of the estate with the [non-debtor counterparty's] interest in knowing whether the debtor will perform under the [contract]." In re Sae Young Westmont Chicago. L.L.C., 276 B.R. 888, 893 (Bankr. N.D. 111. 2002); see also In re Kmart Corp., 290 B.R. 614, 619 (Bankr. N.D. ill. 2003) (in deciding whether to shorten the time for a Chapter 11 debtor to assume or reject an executory contract, a bankruptcy court may "consider the interests of the nondebtor party pending the debtor's decision to assume or reject.").

21. Pursuant to this balancing test, courts have recognized that when it is inevitable that a Chapter 11 debtor will ultimately seek a particular form of relief with respect to an

executory contract (i.e., assumption or, alternatively, rejection), there is generally no legitimate reason for allowing the debtor to delay such action. See, e.g., In re Resource Technology Corporation, 254 B.R. 215, 227 (Bankr. N.D. Ill. 2000)(wherein the court required a Chapter 11 debtor to make a prompt decision to assume or reject an executory contract when it was inevitable that the debtor would ultimately seek to assume the contract in question); see also In re Hawker Beechcraft, Inc., 483 B.R. 424, 430-1 (Bankr. S.D.N.Y. 2012)(wherein the court expressed skepticism about the debtor's purported doubts as to whether it would ultimately seek to assume an intellectual property license and, therefore, required the debtor file a motion to assume the license within thirty days).

22. Similarly, courts have consistently refused to allow a Chapter 11 debtor to delay the decision to assume or reject an executory contract when the debtor is failing to honor the terms of the contract during the post-petition period and/or is otherwise unfairly putting the nondebtor counterparty's rights and interests in jeopardy. See, e.g, In re EnCAP Golf Holdings. LLC, 2008 WL 5955350 (Bankr. D. N.J. December 24, 2008)(wherein the court required the debtor to assume or reject. an executory contract within 30 days after concluding, among other things, that allowing the debtor to further delay such a decision would result in greater detriment to the nondebtor counterparty than benefit to the debtor); In re Rebel Rents. Inc., 291 B.R. 520, 531 (Bankr. C.D. Cal. 2003)(citations and quotations omitted)(wherein the court required the debtor to file a motion to assume or reject an equipment lease within the 30 days after noting that the debtor had failed to honor the terms of the lease during the post-petition period and, by delaying the decision to assume or reject, was essentially attempting to have "its cakes and eat it too.").

23. Turning to the case at hand, as noted above, SMS, by refusing to substantively communicate with either Gamboa or his counsel, has made it clear that it ultimately intends to continue in breach of the Agreement and has given no indication that it has any intention or means to cure any and all defaults. Indeed, there does not appear to be any reason why SMS has not already sought to reject the Agreement other than, perhaps, SMS' apparent desire to exploit the Agreement's "termination" clause to exert additional negotiation leverage over financial damages due Gamboa. Clearly, the latter purpose does not represent a legitimate basis for permitting a Chapter 11 debtor to delay the decision to assume or reject an executory contract. The breathing spell afforded under 11 U.S.C. §365(d)(2) is designed to provide Chapter 11 debtors with a sufficient opportunity to assess whether a particular contract is necessary and beneficial to the debtors' long-term reorganization efforts. In no sense does the foregoing purpose embrace the notion of a Chapter 11 debtor attempting to utilize Section 365(d)(2)'s breathing spell to extract various concessions from a non-debtor counterparty (such as a waiver of the counterparty's right to assert a rejection damage claim under 11 U.S.C. §502(g))[2].

24. Similarly, it is clear that the ongoing delay in SMS' rejection of the Agreement imposes an unjustifiable burden upon Gamboa. Specifically, because the status of the Agreement remains "open," (though already apparently breached by SMS) Gamboa cannot comfortably proceed as if the Agreement is no longer in effect but, instead, must maintain appropriate measures to insure that it remains prepared to fully perform under the Agreement. Such measures include Gamboa being unable to contract or participate in any athletic event

---

[2] Such a delay represents an illegitimate rationale under 11 U.S.C. §365(d)(2) for allowing SMS to delay its decision to assume or reject the Agreement. As one court aptly observed, the "existence of this mechanism to compel such an expedited determination by the debtor, within the procedures established under Section 365(d)(2), provides [non-debtor counterparties] with a means of avoiding being subjected to the fluctuations of market prices for the goods at issue in their contracts, . . ." In re Enron Corp., 354 B,R, 652, 660 (Bankr. S.D.N.Y.2006).

whatsoever to the unfair detriment of his career; all while continuing to train countless hours for his next boxing opportunity that likely will not come during the Term. Clearly, SMS should not be allowed to continue to require Gamboa to bear the foregoing expenses and lost opportunity costs[3] especially, when SMS is unable to posit any legitimate interest for wanting to delay the rejection or assumption of the Agreement.

## V. CONCLUSION

25.    For all of the foregoing reasons, Gamboa maintains that SMS should be compelled under 11 U.S.C. §365(d)(2) to immediately assume or reject the parties' Agreement.

WHEREFORE, Yuriorkis Gamboa respectfully requests that this Honorable Court enter an Order (i) compelling the Debtor SMS Promotions, LLC to immediately assume or reject the Promotional Rights Agreement; and (ii) granting such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    ATTORNEY A.J. ARIAS


    By    /s/ A.J. Arias
        Attorney A.J. Arias, Esq.
        Movant's Attorney
        Federal Bar No  #ct 27318
        Arias Law LLC
        PO Box 2751
        Bristol, CT 06010
        203-843-4668 (p), 203-583-4497 (f)
        Email:  ajarias@ariaslaw.net

        Attorney for Yuriorkis Gamboa

---

[3] Notwithstanding anything herein to the contrary, Gamboa fully reserves any and all rights it may have to seek the recovery of all such expenses and/or damages from Debtors' bankruptcy estates.

## CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of September, 2015, a copy of the foregoing was served to the following by e-mail or via ECF/PACER system:

                                                /s/ A.J. Arias_____
                                                Attorney A. J. Arias, Esq.
                                                Attorney for Movant

**James Berman**
Zeisler and Zeisler
10 Middle Street
15th Floor
Bridgeport, CT 06604

**Patrick J Neligan**
Neligan Foley LLP
325 N. St. Paul
Suite 3600
Dallas, TX 75201

**U. S. Trustee**
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

**Abigail Hausberg**
Office of the U.S. Trustee
Giaimo Federal Building
150 Court Street
Room 302
New Haven, CT 06510

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| **SMS PROMOTIONS, LLC** | ) | **Case No. 15-20901 (AMN)** |
| **Debtor,** | ) | |

## ORDER GRANTING MOTION TO COMPEL
## ASSUMPTION OR REJECTION OF EXECUTORY CONTRACT

At New Haven, in said District; this matter having come before the Court upon the Motion To Compel Assumption Or Rejection Of Executory Contract (the "Motion to Compel") filed on behalf of YURIORKIS GAMBOA ("Movant"), wherein Movant seeks the entry of an order under 11 U.S.C. §365(d)(2) compelling Debtor SMS Promotions, LLC ("SMS") to immediately assume or reject a pre-petition Promotional Rights Agreement between Movant and SMS (the "Agreement"); the Court, having been fully advised in the premises and after reviewing the record as a whole, finds good cause to grant the relief requested.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Movant's Motion to Compel is granted; and

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that within fourteen (14) days from the entry of this Order, SMS shall file a motion seeking to assume or reject the Agreement and, in the event that it fails to file such a motion by said date, the Agreement shall be deemed automatically rejected without any further notice, hearing or order from the Court.

Dated: _____        _____
                                The Honorable Ann M. Nevins
                                United States Bankruptcy Judge