## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| SMS PROMOTIONS, LLC ) | Case No. 15-20901 AMN |
| ) | |
| *Debtor.* ) | September 30, 2015 |
| ) | |

## MOTION FOR ORDER COMPELLING ASSUMPTION OR
## REJECTION OF EXECUTORY CONTRACT PURSUANT TO 11 USC §365(d)(2)

Pursuant to Section 365(d)(2) of the United States Bankruptcy Code, creditor and party in interest Ryan Martin ("Mr. Martin" or the "Movant"), by and through his undersigned counsel, hereby requests an Order of this Court compelling the Debtor, SMS Promotions, LLC, to assume or reject the executory contract, known as the Promotional Rights Agreement, by and between Mr. Martin and the Debtor dated September 3, 2013 (the "Contract"). In support of this motion, Mr. Martin submits the following:

1. Mr. Martin is a young professional boxer. At twenty-two years old, he is in the early stages of his boxing career, but needs bouts in order to move up in the ranks of professional boxing. His current record is 13-0.

2. The Debtor is a company which purports to be in the business of promoting professional boxing events.

3. On or about September 3, 2013, Mr. Martin entered into the Contract with the Debtor, in which Debtor promised to market and promote Mr. Martin as a professional boxer and sports personality, to coordinate and hold at least twenty bouts featuring Mr. Martin and to pay Mr. Martin on the basis of his participation and performance in said bouts for a term of five

years. In exchange, Mr. Martin agreed to forego all other professional boxing promotional and marketing opportunities and provide his likeness, skills and services exclusively in connection with events promoted by the Debtor.

4. Over the next two years, the Debtor continually failed to provide the services to Mr. Martin that it was obligated to perform under the Contract. To date, the Debtor has coordinated and promoted only one bout featuring Mr. Martin. Two bouts were allegedly "co-promoted" by the Debtor and all other bouts were arranged by Mr. Martin's management team to keep Mr. Martin active while the Debtor did nothing to build its business and comply with the Contract.

5. The Debtor has failed to take the necessary steps to act like a promotional company. The Debtor has never hired the requisite personnel to make itself a fully operational boxing promotion company, including, a director of operations, matchmaker and PR person and has otherwise failed to assist Mr. Martin in developing and exploiting his public profile and marketability, as required by the Contract.

6. On May 26, 2015, the Debtor filed for bankruptcy under Chapter 11. Moreover, in the four months since the Debtor filed its petition, the Debtor has not provided any services to Mr. Martin and has provided very limited indications to Mr. Martin as to its intentions with respect to the Contract.

7. Mr. Martin's livelihood depends upon his boxing skills and ability. Given the physically and mentally demanding nature of the sport, the career of a professional boxer is inherently limited in length as compared to other professional sports.

8. The Debtor has not demonstrated any ability to secure financing or in any other way to provide adequate assurances that it can deliver on its promises in the Contract.

9.  The Debtor's principal, Curtis James Jackson III, better known as the rapper 50 Cent, filed his own personal Chapter 11 bankruptcy on July 13, 2015, in which Jackson's schedules show liabilities that exceed assets by approximately eight million dollars. See In re Curtis James Jackson, United States Bankruptcy Court, District of Connecticut, Case No. 15-21233.

10. Upon the request of a party in interest, this Court is authorized to order a Debtor to assume or reject an executory contract pursuant to Bankruptcy Code Section 365(d)(2). A Debtor in reorganization is not allowed an indefinite amount of time, but only a "reasonable time," to decide whether to assume or reject an executory contract. See Theatre Holding Corp. v. Mauro, 681 F.2d 102, 105 (2d Cir. 1982).

11. What constitutes a reasonable time is left to the bankruptcy court's discretion in the light of the circumstances of each case. *Id.* The factors to be considered include the nature of the interests at stake, the balance of harm to the litigants, the good to be achieved and the safeguards afforded the litigants. Matter of Midtown Skating Corp., 3 B.R. 194, 198 (S.D.N.Y.1980)

12. The Debtor has already been afforded a reasonable time to assess the Contract, over the past four months. If the Debtor is allowed to persist in its indecision, the continued risk of harm to Mr. Martin and his professional future is exceedingly great. He has already missed, and will likely continue to miss, boxing opportunities that he will never be offered again.

13. Conversely, as the Debtor has already had several months in bankruptcy to organize and plan its affairs, the risk of harm to the Debtor if the Court grants this motion is minimal.

14. Additionally, the Debtor's failure to schedule and hold bouts featuring Mr. Martin, failure to cultivate his popularity, image and likeness and utter failure to otherwise promote Mr. Martin constitutes a material breach of the Contract. This persistent material breach by the Debtor cannot be cured because at the point Mr. Martin has forever lost the time during which the Debtor was in breach of its obligations under the Contract. Such lost time is irreplaceable in the context of a professional boxer.

15. A Debtor may not assume or assign an executory contract when there exists a non-curable material breach. See In re Empire Equities Capital Corp., 405 B. R. 687, 691 (Bankr. S.D.N.Y. 2009).

16. No matter when the Debtor decides as much, its only viable option is to reject the contract. Any additional time granted to the Debtor will not change that fact.

WHEREFORE, the Movant respectfully requests that the Court issue an order directing the Debtor to assume or reject the Contract on or before October 30, 2015 and that the Court grant any other and further relief as the Court may deem appropriate and equitable.

Dated this 30th day of September, 2015 at Hartford, Connecticut.

Respectfully submitted,
RYAN MARTIN


By_____/s/ Craig I. Lifland_____
Craig I. Lifland, CT00976
Kaitlin M. Humble, CT29525
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103
Tel.: 860-522-6103
Fax: 860-548-0006
lifland@halloransage.com
humble@halloransage.com


### CERTIFICATION

This is to certify that on the 30th day of September, 2015, a copy of the foregoing was electronically filed and served by mail to anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

___/s/Craig I. Lifland_____
Craig I. Lifland